```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-21-09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PETER MCGRATH,

                    Plaintiff,                    09 Civ. 159 (PKC)

      -against-                    ORDER ADOPTING REPORT
                                                AND RECOMMENDATION

CITY OF PHILADELPHIA, PHILADELPHIA
POLICE DEPARTMENT,

                    Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff filed his pro se complaint on January 8, 2009, seeking recovery under 42 U.S.C. § 1983. On January 14, 2009, I referred this case to Magistrate Judge Francis for general pretrial purposes. On January 27, 2009, Judge Francis issued a Report and Recommendation ("R & R") recommending that I sua sponte transfer this action to the United States District Court for the Eastern District of Pennsylvania, because venue in this district is improper. (R & R at 1). Plaintiff filed a timely objection to the R & R on January 30, 2009 (the "Objection").

        The defenses of improper venue and lack of personal jurisdiction are waivable, so on October 22, 2009, I issued an order requiring defendants to inform the Court whether they asserted either or both of these defenses. (Docket No. 6.) By letter dated November 9, 2009, the defendants asserted both defenses. (Docket No. 7.) I gave plaintiff twenty days to respond to defendants' letter, but he has not. (Id.)

### DISCUSSION

        Venue in this federal question action is governed by 28 U.S.C. § 1391(b), which states:

-2-

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant me be found, if there is no district in which the action may otherwise be brought.

In the Complaint, plaintiff alleges that members of the Philadelphia Police Department, broke down the door of his apartment at 4051 Claridge Street, Philadelphia, Pennsylvania, and forced him to lie face down in the hallway while they searched the premises. (Compl. at 3.) According to plaintiff, the search was conducted on the basis of false information, and it resulted in his suffering property damage, physical injuries and emotional distress. (Id. at 3-4.) Plaintiff has not sued any individual members of the Philadelphia Police Department. Instead, he has chosen to sue the City of Philadelphia and the Philadelphia Police Department itself.

Judge Francis correctly concluded that "[s]ince no defendant resides in the Southern District of New York and no aspect of the events that form the basis of Mr. McGrath's claim occurred here, venue is not proper in this district." (R & R at 2). If an action is filed that "lay[s] venue in the wrong division or district," the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The transferor court need not have personal jurisdiction over the defendants. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465 (1962). The Eastern District of Pennsylvania is a district in which this action could have been brought because is satisfies section 1391(b).

-3-

In his Objection, plaintiff argued that the action should not be transferred from this district because he lives in New York and "attends medical care in New York" and Pennsylvania, making it easier for him to litigate in New York. (Objection at 1). Plaintiff's convenience is irrelevant because section 1406(a) is mandatory. 28 U.S.C. § 1406(a).

## CONCLUSION

Upon a de novo review, I adopt the R & R (Docket No. 3), recommending that the action be transferred to the Eastern District of Pennsylvania, as modified to reflect that the transfer is in response to the defendants' asserted defense of improper venue, and is not sua sponte. Plaintiff's Objection (Docket No. 4) is overruled. The Clerk is directed to transfer this action to the United States District Court for the Eastern District of Pennsylvania.

SO ORDERED.

*[signature]*
P. Kevin Castel
United States District Judge

Dated: New York, New York
December 21, 2009